FILED
02 SEP -4 PM 1:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JOHN E. SHAVERS, et al.,           )
                                   )
    Plaintiffs and Counter-        )
    Claim Defendants,              )   CIVIL ACTION NO.
                                   )
v.                                 )   01-AR-0533-J
                                   )
JOHN ROBERTS MACHINERY             )
COMPANY, INC.,                     )
                                   )
    Defendant and Counter-         )
    Claim Plaintiff,               )
                                   )
and                                )
                                   )
WESTERN HERITAGE INSURANCE         )
COMPANY,                           )
                                   )
    Defendant.                     )
                                   )

ENTERED
SEP 04 2002

## MEMORANDUM OPINION

Before the court is a motion for summary judgment filed by defendant, Western Heritage Insurance Company ("Western Heritage").

Plaintiffs, John E. Shavers ("Shavers"), and JESCO Construction Corporation, a Louisiana corporation ("JESCO, La."), instituted this ancillary action against Western Heritage asserting claims for breach of an insurance contract and breach of good faith and fair dealing by virtue of its denial of a claim under the contract for damages to an insured bulldozer. For the reasons set forth below, Western Heritage's motion will be granted.



## Statement of Undisputed Material Facts

Shavers executed a contract on behalf of JESCO, La., for work on the Harrison County Sand Beach Renourishment Project in Harrison County, Mississippi. Shavers is the President and sole shareholder of JESCO, La., which was retained to dredge material, extend, level and raise a beach in Mississippi to a certain elevation. Shavers purchased two bulldozers from John Roberts Machinery Company in Jasper, Alabama to complete the project. A security agreement was executed in connection with the purchase of the bulldozers. The security agreement required the purchaser to maintain insurance on the bulldozers.

JESCO, La. purchased a policy of casualty insurance from Western Heritage.[1] The policy expressly excluded coverage for "loss" caused by or resulting from any of the following: (1) flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not; (2) mudslide or mudflow.

During the Harrison County project, one of the bulldozers

---

[1] In a letter in reference to the claim by JESCO, La., Western Heritage states that the "intent of this policy was to cover leased, rented or borrowed equipment. It was not to cover owned property. However, regardless of the coverage issue the circumstances regarding the claim included the tractor being damaged by tides or waves." Shavers admits in his brief that the dozers were insured under the policy as non-owned equipment, but in his property loss notice to JESCO, La., Shavers identified the property as owned. In the motion for summary judgment neither party mentions this coverage issue. Therefore, the court will not spend any time on it.

was damaged when it sank in the sand and was covered with water. Further damage was caused when a storm again covered the bulldozer with water.

Shavers admits that he defers to others' opinions with respect to the cause of the damage to the bulldozer. Shavers had the water drained out of the machine which was then repaired by Puckett Machinery ("Puckett"). Puckett's estimate states: "Due to being submerged in saltwater over the top of the cab, engine was running and there is possibility of major internal damage to engine, transmission and hydraulic system. Saltwater and sand have contaminated all compartments." Shavers disagrees with the Puckett report.[2] Shavers requested another estimate from Thompson Tractor Company ("Thompson"). He also disagrees with Thompson's assessment that the bulldozer was submerged in saltwater. He has not discussed the damage with anyone who expressed the opinion that sand, as opposed to water, caused the damage.

When Shavers made his claim under the policy it was denied. The proof of damage that Shavers submitted consisted of the two estimates prepared by Puckett and Thompson. Shavers indicated on the claim form that the bulldozer was in a sinkhole and that it

---

[2] During his deposition, Shavers sometimes claims the damage was caused by mud and other times claims the damage was caused by sand. In his affidavit filed with his brief in opposition to Western Heritage's motion for summary judgment he claims that the damage was caused by sand.

was completely submerged.

Shavers secondarily claims that Western Heritage is guilty of bad faith because it denied a clearly meritorious claim. He admits that he understood that he did not have coverage for equipment damaged by water but contends this damage was the result of mud or sand. He admits that water did cause some of the damage. Yet, he offers no expert opinion as to how much damage was caused by water and how much was caused by sand. He does not provide any evidence, other than his own self-serving affidavit, that the bulldozer was even damaged by sand.

## **Analysis**[3]

In order to prove a claim of bad faith in Mississippi, a plaintiff must prove:(1) the existence of a contract of insurance; (2) the denial of a claim without a legitimate or arguable reason; and (3) denial of the claim constitutes a willful and intentional or malicious wrong. *Leathers v. Aetna Casualty & Surety Co.*, 500 So.2d 451, 452-53 (Miss. 1986). Western Heritage did not breach its contractual obligations to its insured, much less breach its duty of good faith and fair dealing with Shavers. The simple truth is that loss of insured

---

[3]The court will apply Mississippi law. In his reply brief, Shavers did not oppose Western Heritage's argument that Mississippi law applies. Furthermore, the policy was issued to JESCO in Mississippi, and the site of the accident was in Mississippi.

4

equipment due to water, waves, tidal waves, overflow of any body of water or mudslide or mudflow is not covered under this policy. Western Heritage had more than an arguable basis for denying the claim. If Western Heritage had paid this particular claim it would have to answer to its stockholders.

In support of its motion Western Heritage submits the two estimates submitted to it by Shavers. Both estimates say that the damage was due to saltwater. It is difficult to tell whether it was Shavers or JESCO, La. that was the insured. The only evidence Shavers presents to support a covered loss is his own affidavit arguing or stating by way of conclusion that the damage was caused by sand. Shavers clearly does not qualify as an expert under *Daubert*. His affidavit is not sufficient evidence to raise a genuine issue of material fact. Sand mixed with water is still muddy water.

## CONCLUSION

For the reasons stated, Western Heritage's motion for summary judgment will be granted by separate order.

Done this 4𝑟 day of September, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE